IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIM SADDLERS,

    Plaintiff,

v.

CASE NO.: 8:22-cv-    -    -

CITY OF LAKELAND, FLORIDA;
BENJAMIN BLOMMEL, in his individual capacity
as an officer of the Lakeland Police Department; and
CHAD LANDRY, in his individual capacity
as an officer of the Lakeland Police Department,

    Defendants.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Kim Saddlers, by and through her undersigned counsel, and hereby sues the defendants, City of Lakeland, Florida, Officer Benjamin Blommel, and Officer Chad Landry.

### INTRODUCTION

1. This is an action brought by a United States citizen, Kim Saddlers, who was falsely arrested for an alleged felony and who, during her arrest, was subjected to excessive force, suffering permanent injuries inflicted by a large police dog at the direction of Lakeland police officers. The arrest, which was effected by the application of excessive force, occurred in Ms. Saddlers' home.

Among other damages, Ms. Saddlers sustained a severe, 10-inch-long bite wound that required over 30 sutures to close, and which led to complications requiring multiple hospitalizations. Ms. Saddlers' subsequent felony charge was dismissed by the State Attorney's Office. In addition to suffering severe injury, Ms. Saddlers suffers ongoing pain, scarring, and permanent disfigurement caused by the infliction of excessive force.

2. Ms. Saddlers alleges that defendants Blommel and Landry, police officers employed by defendant City of Lakeland and acting within the course and scope of their employment, committed the state common law torts of false arrest, battery, and negligence. As required by Florida law, specifically § 768.28(9)(a), *Fla. Stat.*, the City of Lakeland is named as the defendant in Ms. Saddlers' tort claims. Ms. Saddlers also alleges that Officers Blommel and Landry violated her Fourth Amendment right, actionable under the Fourteenth Amendment and 42 U.S.C. § 1983, to be free from arrest effected in the absence of arguable probable cause. Finally, to remedy her extensive injuries, Ms. Saddlers also alleges that Officers Blommel and Landry violated her Fourth Amendment right, also actionable under the Fourteenth Amendment and 42 U.S.C. § 1983, to be free from the infliction of unreasonable force during an arrest.

3. This action arises under Florida common law and the Constitution and laws of the United States. This Court has jurisdiction over the federal claims

pursuant to 28 U.S.C. §§ 1331 & 1343, and supplemental jurisdiction over the state common law claims pursuant to 28 U.S.C. § 1367.

4. All incidents material to this action occurred in the City of Lakeland, which is a political subdivision of Polk County, Florida. Venue is thus appropriate in this Court pursuant to Local Rule 1.04(a).

5. Ms. Saddlers seeks compensatory relief and standard costs, and additionally, on her federal civil rights claims, attorneys' fees, expert witnesses' fees, and statutory costs pursuant to 42 U.S.C. § 1988.

## PARTIES

6. Plaintiff Kim Saddlers is an adult United States citizen and is a resident of the State of Florida and of Polk County. She is a nurse by profession.

7. Defendant City of Lakeland is a political sub-division of Polk County and the State of Florida, and is the employer of Officers Blommel and Landry.

8. Defendant Benjamin Blommel was, at all relevant times, a police officer employed by the City of Lakeland. Blommel is sued in his individual capacity for violating Ms. Saddlers' federal constitutional rights.

9. Defendant Chad Landry was, at all relevant times, a police officer employed by the City of Lakeland. Landry is sued in his individual capacity for violating Ms. Saddlers' federal constitutional rights.

## COMPLIANCE WITH ADMINISTRATIVE REQUIREMENTS

10.     Ms. Saddlers timely provided notice of her state common law claims, including false arrest, battery, and negligence, against defendant City of Lakeland pursuant to § 768.28(6), *Fla. Stat.* (2021). The City of Lakeland received the requisite notice of claims on January 5, 2022, and Ms. Saddlers provided the City of Lakeland the requisite six-month opportunity to resolve those claims. Therefore, all administrative preconditions to pursuing the supplemental state law claims have been satisfied. There are no administrative preconditions applicable to Ms. Saddlers' federal civil rights claims against defendants Blommel and Landry in their individual capacities.

## FACTUAL ALLEGATIONS

11.     Shortly after midnight on March 11, 2019, Ms. Saddlers was present in her Lakeland home with her family. They lived together in an apartment. Ms. Saddlers was caring for her three-month-old granddaughter, who she held in her arms as the infant slept. Their home was quiet and peaceful.

12.     At the same time, unknown to Ms. Saddlers and her family, defendants Blommel and Landry were present in the same apartment complex in pursuit of a criminal suspect who had fled on foot after being involved in a traffic incident occurring on a nearby street. (The suspect was sought for fleeing to elude an officer at low speed, leaving the scene of collision causing property

damage, and misdemeanor possession of marijuana and paraphernalia.) Blommel and Landry deployed a large police dog to track the trail of the criminal suspect, who apparently fled through the property of the apartment complex. Landry had the large police dog on a one-foot lead because of the outdoor presence of residents of the apartment complex. Blommel assisted Landry and the dog, and Blommel remained in immediate proximity to them at all relevant times.

13. Located immediately outside the front door to Ms. Saddlers' apartment is a narrow sidewalk, which constitutes a common area that adjoins the apartment complex's parking lot.

14. As Blommel, Landry, and the dog began their pursuit of the fleeing suspect through the apartment complex, Ms. Saddlers' son, Iquan Isaac, and a neighbor were present on the common sidewalk immediately in front of the front door to their home.

15. Blommel and Landry, accompanied by the dog, ordered Iquan Issac and his neighbor to "get inside" Ms. Saddler's home and to close the front door. Confronted with the large dog, the young men hastily complied, but in so doing accidentally knocking over a table and lamp inside the home.

16. The commotion startled Ms. Saddlers, who was then sitting on her sofa changing her granddaughter's diaper. Her granddaughter awakened.

17. Iquan Isaac's father, Lorenzo Isaac, who had been asleep in an interior bedroom, was also awakened by the commotion. He emerged into the living room and opened the front door to investigate the source of the disturbance of his home.

18. Upon opening the door, Lorenzo Isaac was immediately met with profane shouts - including "Shut the m_____rf___in' door!" – from the two police officers.

19. Lorenzo Isaac respectfully informed the officers that their profanity was inappropriate. He remained at the threshold of the open door of his home to inquire as to the reason for the disruption of his family's otherwise quiet and peaceful evening, and the disturbance of the sleeping infant.

20. Falsely claiming that, in so doing, Lorenzo Isaac committed the misdemeanor offense of non-violent obstruction of an officer, Blommel and Landry, accompanied by the dog, forcibly entered the family's home, without consent, to arrest him. Blommel grabbed Lorenzo Isaac around his upper body.

21. Startled again by this sudden, forcible entry into her home, Ms. Saddlers rose from her couch, cradling her sleeping grandchild in her left arm.

22. Ms. Saddlers stood up to avoid the tumult and danger posed by the presence of three adult men, Blommel, Landry, and Lorenzo Isaac, as well as a large police dog, in the small living room of her apartment. She carefully protected her granddaughter in her left arm, hoping to shield her from harm.

23. Trying her best to avoid harm from the presence of three adult men and a dog in the small room, however, Ms. Saddlers stumbled over the furniture that had been upended when Iquan Isaac and the neighbor entered the apartment a few moments prior. Ms. Saddlers fell to the floor of her home just inside the front door. As she fell, she managed to protect her granddaughter from the dog, and from any other harm caused by the officers, by positioning herself between the dog and the infant. As Ms. Saddlers fell to the floor of her home, she safely placed her granddaughter, still in her left arm, on the floor next to her, where another family member quickly retrieved the infant to protect her from further danger.

24. Blommel and Landry falsely claimed that Ms. Saddlers intentionally touched Blommel's arm, and in so doing committed the felony of battery of a law enforcement officer. She did not touch Blommel, or Landry, at any time whatsoever. Blommel's and Landry's claims to the contrary are entirely false.

25. With no arguable probable cause, Landry and Blommel arrested Ms. Saddlers for the felony offense of battery on a law officer. They effected their Fourth Amendment seizure by subjecting Ms. Saddlers to an intentional use of force, namely a vicious bite by a large dog.

26. As directed by the officers, and while Ms. Saddlers remained on the floor inside her home, the dog violently bit the inside of her right arm just above

the elbow. The dog's bite on Ms. Saddlers' right arm continued unabated for at least 15 seconds.

27. Neither officer commanded the dog to relinquish its vicious bite of Ms. Saddlers. Instead, with her free left hand, Ms. Saddlers tried desperately to pry open the dog's jaw, to no avail. Observing his mother's anguish and panic, and hearing her cries for help, another son in the home, Keyonte Isaac, rushed to his mother's aid. With his feet, he frantically struck the dog's mouth to break its grasp on his mother. It was Keyonte Isaac's desperate actions, and no commands by the officers, that finally succeeded in breaking the dog's bite on his mother's arm. A gruesome wound to Ms. Saddlers' arm was immediately obvious.

28. Blommel's and Landry's use of force in effecting Ms. Saddlers' seizure was excessive, and therefore unreasonable under the circumstances. The magnitude of the force inflicted on Ms. Saddlers was grossly disproportionate to the need for any such force to effect an arrest under these circumstances.

29. The dog's bite was long and deep, and Ms. Saddlers bled profusely as she remained on the floor of her family home.

30. Seeing the extent of Ms. Saddler's wounds, a neighbor quickly produced a shirt to help stanch the bleeding. As she approached Ms. Saddlers, the officers ordered: "Stay away from her. She's under arrest."

31. Ms. Saddlers was transported to a hospital. More than 30 sutures were required to close the injuries caused by the officers' use of force. After

8

emergency treatment, Ms. Saddlers was then transported to, and booked in, the Polk County Jail. After bonding out, complications from bite required another hospital visit later that day, and on two additional occasions over the following two days.

32. Ms. Saddlers was prosecuted by the Polk County State Attorney's Office, which filed a felony charge of battery on a law enforcement officer.

33. Because of the alleged "criminal activity," Ms. Saddlers and her family were evicted from their apartment the following week.

34. Ms. Saddlers faced a serious felony charge, carrying a sentence of prison, until the State Attorney's Office filed a Notice of Nolle Prosequi on October 3, 2021.

35. As a result of the false arrest and infliction of unreasonable force, Ms. Saddlers suffered, and continues to suffer, mental and emotional distress, harm to her reputation, humiliation, pain and suffering, permanent disfigurement, scarring, inconvenience, and other economic and non-economic losses.

## COUNT I

(Supplemental State Law Battery Claim Against Defendant City of Lakeland)

Kim Saddlers sues defendant City of Lakeland and states:

36. All factual allegations of paragraphs 11 through 35 are realleged in full and adopted herein.

37. Officers Blommel and Landry committed the state law tort of battery against Kim Saddlers, which is actionable against defendant, City of Lakeland, pursuant to § 768.28(9)(a), *Fla. Stat.* (2021). Officers Blommel and Landry intentionally and harmfully touched Ms. Saddlers without her consent, and with no legal or justifiable reason. By using a dog's bite to effect Ms. Saddlers' arrest, and thus harmfully applying an amount of force that was unreasonable and excessive under the circumstances, Officers Blommel and Landry committed the Florida common law tort of battery while acting within the course and scope of their employment by defendant City of Lakeland, Florida.

38. As a result of the battery of Ms. Saddlers, she suffered the losses described above in paragraphs 35.

## COUNT II

(Supplemental State Law Negligence Claim Against Defendant City of Lakeland)

Kim Saddlers sues defendant City of Lakeland and states:

39. All factual allegations of paragraphs 11 through 35 are realleged in full and adopted herein.

40. Alternatively, Officers Blommel and Landry committed the state law tort of negligence against Ms. Saddlers, which is actionable against defendant City of Lakeland, Florida pursuant to § 768.28(9), *Fla. Stat.* (2021). Blommel and Landry owed a duty of reasonable care to Kim Saddlers that included assurance that she would not be unjustifiably harmed by the police dog under their

supervision and control. Blommel and Landry breached that duty of care, causing significant damages to Ms. Saddlers.

41. Officers Blommel and Landry had a duty to provide reasonable care and custody to citizens including Ms. Saddlers, which they breached by permitting the police dog to attack her, causing her permanent damages.

42. As a result of this negligence, Ms. Saddlers also suffered the losses described above in paragraph 35.

## COUNT III

(Supplemental State Law False Claim Against Defendant City of Lakeland)

Kim Saddlers sues defendant City of Lakeland and states:

43. All factual allegations of paragraphs 11 through 35 are realleged in full and adopted herein.

44. Officers Blommel and Landry had no probable cause to arrest Ms. Saddlers for any criminal offense, including the felony of battery on a police officer.

45. As a result of Blommel's and Landry's false arrest of Ms. Saddlers, she was taken into custody and faced a felony charge for more than two and one-half years.

46. As a result of this false arrest, Ms. Saddlers also suffered the losses described above in paragraph 35.

## COUNT IV

(42 U.S.C. § 1983 False Arrest Claim in Violation of the Fourth Amendment Against Benjamin Blommel in his Individual Capacity)

Kim Saddlers sues defendant Benjamin Blommel in his individual capacity and states:

47. All allegations of paragraphs 11 through 35 are realleged in full and adopted herein.

48. Defendant Blommel, while exercising his discretionary authority, violated Ms. Saddlers' clearly established Fourth Amendment right to be free from an arrest without arguable probable cause.

49. Defendant Blommel claimed, falsely, that Ms. Saddlers committed the felony offense of battery on a law enforcement officer by physically touching him without his consent.  Blommel's arrest was based on claimed conduct that did not occur. The criminal charge against Ms. Saddlers was *nolle prossed*. Blommel's arrest violates Ms. Saddlers clearly established Fourth Amendment right to be free from an unreasonable seizure, and is actionable pursuant to 42 U.S.C. § 1983.

50. As a result of the violation of her Fourth Amendment right to be free from an arrest without arguable probable cause, Ms. Saddlers suffered the losses described above in paragraph 35.

## COUNT V

(42 U.S.C. § 1983 Excessive Force Claim in Violation of the Fourth Amendment Against Benjamin Blommel in his Individual Capacity)

Kim Saddlers sues defendant Benjamin Blommel in his individual capacity and states:

51. All allegations of paragraphs 11 through 35 are realleged in full and adopted herein.

52. Defendant Blommel, while exercising his discretionary authority, violated Ms. Saddlers' clearly established Fourth Amendment right to be free from the infliction of unreasonable force on an arrestee by subjecting her to an excessive, forcible dog bite.

53. Defendant Blommel, while arresting Ms. Saddlers in her own home, unreasonably employed a use of force, the bite of a police dog, that was excessive under the circumstances.

54. The level of resistance, which was non-existent, by Ms. Saddlers, the severity of her injury, the nonexistent threats to any officer, and the wholly disproportionate relationship between the force used and the force required to arrest her, reflects the use of objectively unreasonable force by defendant Blommel, which violates Ms. Saddlers' clearly established Fourth Amendment right to be free from an unreasonable seizure, and is actionable pursuant to 42 U.S.C. § 1983.

55. As a result of the violation of her Fourth Amendment right to be free from an arrest effected without excessive force, Ms. Saddlers suffered the losses described above in paragraph 35.

## COUNT VI

(42 U.S.C. § 1983 False Arrest Claim in Violation of the Fourth Amendment Against Chad Landry in his Individual Capacity)

Kim Saddlers sues defendant Chad Landry in his individual capacity and states:

56. All allegations of paragraphs 11 through 35 are realleged in full and adopted herein.

57. Defendant Landry, while exercising his discretionary authority, violated Ms. Saddlers' clearly established Fourth Amendment right to be free from an arrest without arguable probable cause.

58. Defendant Landry claimed, falsely, that Ms. Saddlers committed the felony offense of battery on a law enforcement officer by physically touching Officer Blommel without his consent. Landry's arrest was based on claimed conduct that did not occur. The criminal charge against Ms. Saddlers was *nolle prossed*. Landry's arrest violates Ms. Saddlers clearly established Fourth Amendment right to be free from an unreasonable seizure, and is actionable pursuant to 42 U.S.C. § 1983.

59. As a result of the violation of her Fourth Amendment right to be free from an arrest without arguable probable cause, Ms. Saddlers suffered the losses described above in paragraph 35.

## COUNT VII

(42 U.S.C. § 1983 Excessive Force Claim in Violation of the Fourth Amendment Against Chad Landry in his Individual Capacity)

Kim Saddlers sues defendant Chad Landry in his individual capacity and states:

60. All allegations of paragraphs 11 through 35 are realleged in full and adopted herein.

61. Defendant Landry, while exercising his discretionary authority, violated Ms. Saddlers' clearly established Fourth Amendment right to be free from the infliction of unreasonable force on an arrestee by subjecting her to an excessive, forcible dog bite.

62. Defendant Landry, while arresting Ms. Saddlers in her own home, unreasonably employed a use of force, the bite of a police dog, that was excessive under the circumstances.

63. The level of resistance, which was non-existent, by Ms. Saddlers, the severity of her injury, the nonexistent threats to any officer, and the wholly disproportionate relationship between the force used and the force needed to arrest her, reflects the use of objectively unreasonable force by defendant

Landry, which violates Ms. Saddlers' clearly established Fourth Amendment right to be free from an unreasonable seizure, and is actionable pursuant to 42 U.S.C. § 1983.

64. As a result of the violation of her Fourth Amendment right to be free from an arrest effected without excessive force, Ms. Saddlers suffered the losses described above in ¶35.

PRAYER FOR RELIEF

WHEREFORE, plaintiff Kim Saddlers prays that this Court will enter relief in the following terms:

1. A judgment for compensatory relief on all Counts;

2. An award of costs, expert witness fees, and attorneys' fees pursuant to 42 U.S.C. § 1988 on Counts IV, V, VI, and VII;

3. An award of standard costs on all Counts; and

4. Such other relief as the Court deems just and proper.

Finally, plaintiff requests a trial by jury.

Respectfully submitted this 13th day of September, 2022.

FARMER & FITZGERALD, P.A.

/s/ *Matthew Farmer*
Matthew Farmer, Esq.
Fla. Bar No. 0793469
800 W. De Leon St.

Tampa, FL  33606
(813) 228-0095
FAX (813) 224-0269
MattFarmer1@aol.com

Counsel for Plaintiff