UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIM SADDLERS,

     Plaintiff,

v.                                                    CASE No.: 8:22-cv-2127-CEH-JSS

CITY OF LAKELAND, FLORIDA;
BENJAMIN BLOMMEL, in his individual
capacity as an officer of the Lakeland
Police Department; and CHAD LANDRY, in
his individual capacity as an officer of the
Lakeland Police Department,

     Defendants.

_____/

## DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendants, City of Lakeland, Florida; Benjamin Blommel, in his individual capacity as an officer of the Lakeland Police Department; and Chad Landry, in his individual capacity as an officer of the Lakeland Police Department; hereby answer the Complaint as follows:

## INTRODUCTION

1.    Denied.

2.    Admitted that Plaintiff so alleges; denied that Plaintiff's allegations are true.

3.    Admitted for jurisdictional purposes only.

4.      Admitted for venue purposes only.

5.      Without knowledge, therefore denied.

<u>PARTIES</u>

6.      Without knowledge, therefore denied.

7.      Admitted that Defendant City is a political subdivision of Polk
        County and was the employer of Officers Blommel and Landry,
        otherwise denied.

8.      Admitted that Defendant Blommel was employed as a police
        officer by the City of Lakeland; otherwise denied.

9.      Admitted that Defendant Landry was employed as a police officer
        by the City of Lakeland; otherwise denied.

<u>COMPLIANCE WITH ADMINISTRATIVE REQUIREMENTS</u>

10.     Without knowledge, therefore denied.

<u>FACTUAL ALLEGATIONS</u>

11.     Without knowledge, therefore denied.

12.     Admitted that Defendants Blommel and Landry were pursuing a
        fleeing criminal suspect with the assistance of a police dog;
        otherwise without knowledge and therefore denied.

13.     Without knowledge, therefore denied.

14.     Without knowledge, therefore denied.

15.     Admitted that Defendants Blommel and Landry were ordering bystanders to get inside their respective apartments; otherwise, without knowledge and therefore denied.

16.     Without knowledge, therefore denied.

17.     Without knowledge, therefore denied.

18.     Denied.

19.     Without knowledge, therefore denied.

20.     Denied.

21.     Without knowledge, therefore denied.

22.     Without knowledge, therefore denied.

23.     Without knowledge, therefore denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Without knowledge and therefore denied.

31.     Denied that the injuries were caused by any use of force by the Officers; otherwise, without knowledge, therefore denied.

32.     Without knowledge, therefore denied.

33.     Without knowledge, therefore denied.

34.     Without knowledge, therefore denied.

35.     Denied.

## COUNT I
### (Supplemental State Law Battery Claim
### Against Defendant City of Lakeland)

36.     Defendants re-plead their answers to paragraphs 11 through 35.

37.     Denied.

38.     Denied.

## COUNT II
### (Supplemental State Law Negligence Claim
### Against Defendant City of Lakeland)

39.     Defendants re-plead their answers to paragraphs 11 through 35.

40.     Denied.

41.     Denied.

42.     Denied.

## COUNT III
### (Supplemental State Law False Claim
### Against Defendant City of Lakeland)

43.     Defendants re-plead their answers to paragraphs 11 through 35.

44.     Denied.

45.     Denied.

46.     Denied.

<u>COUNT IV</u>
(42 U.S.C. § 1983 False Arrest Claim in Violation of the Fourth Amendment
Against Defendant City of Lakeland)

47.      Defendants re-plead their answers to paragraphs 11 through 35.

48.      Denied.

49.      Denied.

50.      Denied.

<u>COUNT V</u>
(42 U.S.C. § 1983 False Arrest Claim in Violation of the Fourth Amendment
Against Benjamin Blommel in his Individual Capacity)

51.      Defendants re-plead their answers to paragraphs 11 through 35.

52.      Denied.

53.      Denied.

54.      Denied.

55.      Denied.

<u>COUNT VI</u>
(42 U.S.C. § 1983 False Arrest Claim in Violation of the Fourth Amendment
Against Chad Landry in his Individual Capacity)

56.      Defendants re-plead their answers to paragraphs 11 through 35.

57.      Denied.

58.      Denied.

59.      Denied.

<u>COUNT VII</u>
(42 U.S.C. § 1983 Excessive Force Claim in Violation of the Fourth
Amendment Against Chad Landry in his Individual Capacity)

60.      Defendants re-plead their answers to paragraphs 11 through 35.

61.      Denied.

62.      Denied.

63.      Denied.

64.      Denied.

<u>PRAYER FOR RELIEF</u>

Defendants deny all claims in the prayer for relief.

WHEREFORE, Defendants seek an award of their costs and attorney's fees in defending this action, and demand a trial by jury.

**<u>FIRST AFFIRMATIVE DEFENSE</u>**
**<u>SOVEREIGN IMMUNITY</u>**

Defendants' liability on the claims brought under state law is governed by Section 768.28, Florida Statutes, including, but not limited to, all limits of monetary liability and all procedural requirements of notice and service. Furthermore, the acts complained of are discretionary, planning level functions which are not actionable under the sovereign immunity doctrine.

## SECOND AFFIRMATIVE DEFENSE
## QUALIFIED IMMUNITY

Defendants are entitled to qualified immunity because the acts complained of occurred within the scope of their official duties, they had no knowledge that the acts were illegal or unconstitutional, and the acts were not clearly violative of Plaintiff's rights at the time they were committed. The Defendants had arguable probable cause to arrest the Plaintiff.

## THIRD AFFIRMATIVE DEFENSE
## PROBABLE CAUSE

The facts and circumstances within these Officers' knowledge would cause a prudent person to believe that the Plaintiff has committed, is committing, or is about to commit an offence.  Any action for false arrest must fail, since the Officers had probable cause.

## FOURTH AFFIRMATIVE DEFENSE
## FLORIDA STATUTE § 901.15

The Plaintiff committed an offence in the presence of these Officers, entitling them to arrest the Plaintiff, pursuant to Florida Statute § 901.15(1).

## FIFTH AFFIRMATIVE DEFENSE
## ALCOHOL OR DRUG USE DEFENSE

The Plaintiff may not recover any damages, because at the time of this incident, she was under the influence of alcoholic beverages or drugs, to the extent that her normal faculties were impaired, and as a result of the influence

of such alcohol or drugs, the Plaintiff is more than fifty percent at-fault for her own harm (F.S. 768.36).

### SIXTH AFFIRMATIVE DEFENSE
### FLORIDA STATUTE § 776.05

At all times material hereto, Defendants were justified in any use of force because they reasonably believed the force was necessary to protect themselves or another while making the arrest.

### SEVENTH AFFIRMATIVE DEFENSE
### FLORIDA STATUTE § 776.051

At all times material hereto, Defendants were known as or reasonably appeared to be law enforcement officers, and the Plaintiff was not justified in the use of any force or threatened force to resist the arrest pursuant to Florida Statute § 776.051 and § 776.012.

### EIGHTH AFFIRMATIVE DEFENSE
### FLORIDA STATUTE § 776.032

Defendants are immune from civil liability since the Defendants reasonably believed that their conduct was necessary to defend themselves or others against the imminent use of unlawful force. Defendants are also entitled to an award of attorney's fees and costs, pursuant to Florida Statute § 776.032(3).

## NINTH AFFIRMATIVE DEFENSE
## COLLATERAL SOURCE

Plaintiff may not recover damages for amounts that have been paid or are payable by a collateral source pursuant to Florida Statute § 768.76.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system this 9th day of October, 2022, which will send a notice of filing to all attorneys of record.

CAMPBELL   TROHN   TAMAYO   &
ARANDA

/s/ Jonathan B. Trohn
JONATHAN B. TROHN
FL BAR #0880558
j.trohn@cttalaw.com
JENNIFER M. VASQUEZ
FL Bar #71942
j.vasquez@cttalaw.com
1701 South Florida Avenue
Lakeland, Florida 33803
(863) 686-0043 (phone)
(863) 616-1445 (facsimile)
Attorney for Defendants
Trial Counsel