**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

KIM SADDLERS,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　Case No: 8:22-cv-2127-CEH-UAM

CITY OF LAKELAND, FLORIDA,
BENJAMIN BLOMMEL and CHAD
LANDRY,

    Defendants.

_____

**ORDER DIRECTING SUPPLEMENTAL BRIEFING**

This matter comes before the Court upon review of Defendants' Motion for Summary Judgment (Doc. 20), Plaintiff Kim Saddlers' response in opposition (Doc. 27), and the exhibits attached thereto. Defendants move for summary judgment on all of Plaintiff's claims, including her excessive force claims against Defendants Benjamin Blommel and Chad Landry brought pursuant to 42 U.S.C. § 1983 (Counts Five and Seven). *See* Doc. 20.

Plaintiff's excessive force claims stem from injuries she received after being bitten by a police canine. *See* Docs. 2, 20, 27.

Among other things, the Parties' briefing discusses: (1) whether the bite constituted a seizure under the Fourth Amendment; (2) whether the officers' actions were reasonable or excessive under *Graham v. Connor,* 490 U.S. 386 (1989), and related caselaw; and (3) whether, as relevant to the issue of qualified immunity, Plaintiff

satisfies her burden of showing that Defendants violated her clearly established rights based on her version of the facts. *See* Docs. 20, 27.

However, the Parties consider the dog bite as a single incident for each step of the excessive force analysis. Based on the Court's review of the motion, response, exhibits, and relevant caselaw,[1] the Court requests supplemental briefing on whether the initial bite and Defendants' alleged failure to pull or call the dog off sooner should be considered as separate incidents. Would treating these as separate incidents of force affect the Court's analysis?

Accordingly, and under Fed. R. Civ. P. 56(f)(2),[2] it is **ORDERED**:

---

[1] On the issue of whether the initial bite should be considered separately from the officers' alleged failure to properly call the dog off, the Court has reviewed the following (non-binding) decisions. *See, e.g., Diane Hope v. Taylor,* No. 8:20-cv-196-VMC-AAS, 2021 WL 694177; *Baker v. Cohen,* No. 09-60103-CIV, 2010 WL 3385266, at *14 (S.D. Fla. Aug. 5, 2010), *report and recommendation adopted in part,* No. 09-60103-CIV, 2010 WL 3385264 (S.D. Fla. Aug. 26, 2010); *Madson v. City of Gainesville, Fla.,* No. 1:15CV63-MW/GRJ, 2016 WL 10518447 (N.D. Fla. Aug. 9, 2016); *Lopez v. Hammack,* 2020 WL 2201899 (M.D. Ala. May 6, 2020).

[2] Pursuant to Rule 56(f)(2), a district court cannot grant summary judgment on "grounds not raised by a party" unless it first provides the parties with "notice and a reasonable time to respond[.]" *See Breeding v. Integrated Behav. Health Inc.,* No. 22-10374, 2023 WL 3735341, at *2 (11th Cir. May 31, 2023).

The text of Rule 56(f) states that, at summary judgment:

> **(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:
>
> (1) grant summary judgment for a nonmovant;
>
> (2) grant the motion on grounds not raised by a party; or
>
> (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

1. The Parties are directed to file supplemental briefing regarding the issues discussed in this order.

    a. Defendants may file a supplement to their motion that does not exceed twelve (12) pages, inclusive of all parts except for the service block, within fourteen (14) days of the date of this Order.

    b. Plaintiff may file a response to Defendants' supplement that does not exceed twelve (12) pages, inclusive of all parts except for the service block, within fourteen (14) days of the filing of Plaintiff's supplement.

2. Ruling is **DEFERRED** on Defendants' Motion for Summary Judgment (Doc. 20) and Plaintiff's Motion to Exclude the Testimony of the Proffered Defense Expert Witness Under Fed. R. Evid. 702 and *Daubert* (Doc. 19) until the supplemental briefing is complete.

**DONE** and **ORDERED** in Tampa, Florida on September 6, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record